Charles F. Hauff Jr. (#014465)
chauff@swlaw.com
David G. Barker (#024657)
dbarker@swlaw.com
Trisha D. Farmer (#028809)
tfarmer@swlaw.com
**SNELL & WILMER**
One Arizona Center
400 East Van Buren Street, Suite 1900
Phoenix, AZ 85004
Phone: (602) 382-6000; Facsimile: (602) 382-6070

Joseph F. Jennings (*pro hac vice*)
joe.jennings@knobbe.com
Christy G. Lea (*pro hac vice*)
christy.lea@knobbe.com
Jenna C. Kelleher (*pro hac vice*)
jenna.kelleher@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404; Facsimile: (949) 760-9502

Attorneys for Plaintiff CAYENNE MEDICAL, INC.

Brett L. Dunkelman, 006740
bunkelman@omlaw.com
Eric M. Fraser, 027241
efraser@omlaw.com
**OSBORN MALEDON, P.A.**
2929 N. Central Avenue, Suite 2100
Phoenix, AZ 85012
(602) 640-9000

John T. Gallagher (*pro hac vice*)
jgallagher@hbiplaw.com
**HOFFMAN & BARON, LLP**
6900 Jericho Turnpike
Syosset, NY 11791
(516) 822-3550

Attorneys for Defendant MEDSHAPE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cayenne Medical, Inc., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> MedShape, Inc., a Georgia corporation, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIM | No. 2:14-cv-00451-HRH <br><br> **SCHEDULING AND PLANNING CONFERENCE REPORT** <br><br><br><br><br><br> Honorable H. Russell Holland |

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, and Arizona LRCiv 16.2, counsel for the parties conducted a preliminary scheduling conference on May 19, 2014. Christy Lea and Jenna Kelleher attended on behalf of Plaintiff Cayenne Medical, Inc. ("Cayenne") and John Gallagher attended on behalf of Defendant MedShape, Inc. ("MedShape"). As a result of their meeting, the parties recommend the following:

## I. TRACK ASSIGNMENT

This case should be assigned to the standard track for purposes of case management.

## II. DISCLOSURES

Pursuant to Rule 26(a)(1), the parties will exchange initial disclosures by June 9, 2014. The parties will also exchange preliminary witness lists by June 9, 2014.

## III. CONTESTED ISSUES OF FACT AND LAW

Preliminarily, the parties expect the following issues of fact and/or law to be presented to the Court:

1. Whether MedShape has directly or indirectly infringed any claim of the two asserted patents;
2. Whether any infringement by MedShape was willful;
3. Whether any asserted claims of the patents-in-suit are invalid.

## IV. DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan.

**A.** The parties expect that discovery will be needed on the following issues:
1. Direct infringement of the two patents;
2. Indirect infringement (contributory and inducement) of the two patents;
3. Willfulness;
4. Validity of the two patents;
5. The contribution of each of the eight named inventors to the subject matter recited in the two asserted patents; and
6. Damages.

///

- 1 -

**B.** The parties raise no issues regarding preserving discovery information.

**C.** The parties do not foresee any issues related to or arising out of disclosure or discovery of electronically stored information ("ESI"). The parties believe that they will be able to agree upon an acceptable format for collecting and producing ESI.

**D.** The parties will submit a proposed confidentiality agreement by June 16, 2014. The parties agree not to withhold discovery on the basis of confidentiality. Until a protective order is entered by this Court, discovery and disclosures deemed confidential by a party shall be produced to the adverse party for the eyes of outside counsel of record only, marked "Attorneys Eyes Only – Subject to Protective Order." The discovery and disclosures so marked shall be used solely for purposes of the pending case and shall not be disclosed to the client or any other person.

**E.** <u>Disclosure of Expert Reports</u>. The parties have presented a proposed schedule attached as **Exhibit 1**. It includes the following dates for expert reports.

    **i.** <u>Claim Construction Expert Reports</u>

The parties have agreed to exchange proposed claim terms for construction, as well as preliminary claim constructions, prior to exchanging expert claim construction reports. The parties, however, disagree on the exchange dates. The parties' proposed dates are set forth in Exhibit 1.

    **ii.** <u>Other Expert Reports</u>

For all other issues, the parties propose to exchange opening and rebuttal expert reports as set forth in **Exhibit 1**.

**F.** The parties agree to supplement disclosures and discovery responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure as new information is acquired, but not later than 60 days before the close of fact discovery.

**G.** A final witness list consistent with Rule 26(a)(3)(i) and (ii) pretrial disclosure requirements, disclosing all lay and expert witnesses whom a party may wish to call at trial, shall be served and filed 45 days prior to the close of fact discovery. Only those witnesses disclosed at this time will be permitted to testify at trial.

**H.** Time for completing discovery.

1. Fact Discovery:

**Plaintiff Cayenne** proposes that fact discovery be completed by a date certain (May 15, 2015), as the facts are not dependent on the Court's claim construction ruling. Should the Court adopt Defendant MedShape's proposal to complete fact discovery a certain number of days following the Court's claim construction ruling, then Plaintiff Cayenne proposes that fact discovery close 30 days following the Court's claim construction ruling.

**Defendant MedShape** proposes that the close of fact discovery be triggered by entry of the Court's claim construction ruling. Since the Court's construction of the asserted claims of both patents will assist in focusing and streamlining discovery relating to the issues of infringement, validity, inventorship and potential damages, MedShape proposes that fact discovery be completed 90 days after entry of the Court's claim construction ruling.

2. Expert Discovery: The parties' proposals for completing expert discovery are set forth in **Exhibit 1**.

**I.** Limitations on discovery.

1. Limitations contained in Fed. R. Civ. P. 26(b), 30, and 33 will apply except as indicated below.

2. The parties agree that Plaintiff Cayenne will be permitted to take a maximum of 12 fact depositions. The parties also agree that Defendant MedShape will be permitted to take a maximum of 10 fact depositions, excluding the depositions of the 8 named inventors of the two asserted patents.

(a) Depositions shall not exceed 7 hours as to any party or non-party deponent absent agreement between the parties or leave of Court.

(b) The maximum number of interrogatories posed by each party will not exceed 25.

/ / /

- 3 -

    (c) The maximum number of requests for admission posed by each party will not exceed 35, excluding requests directed to authenticity or admissibility of documents.

  3. Other proposed limitations: The parties understand Rule 26(b)(4) of the Federal Rules of Civil Procedure to preclude from discovery drafts of expert reports, communications between counsel and testifying experts, and other materials prepared by or for a testifying expert, including an expert's own notes, subject only to the three exceptions set forth in Rule 26(b)(4)(C). To the extent that courts may interpret the rule differently, the parties agree to be bound by their interpretation set forth here.

## V. <u>PRETRIAL MOTIONS</u>

**A.** The parties do not intend to file preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation.

**B.** Non-dispositive motions:

 1. As set forth in Exhibit 1, motions to amend or add parties shall be filed by September 26, 2014.

 2. Motions under the discovery rules shall be filed only after the parties have met and conferred and have made a good faith effort to resolve any disputed discovery issue, but not later than 45 days prior to the close of fact discovery and/or expert discovery.

 3. Motions *in limine* and Daubert motions shall be served and filed as set forth in **Exhibit 1**.

**C.** Dispositive motions (including motions for summary judgment) will be filed as set forth in **Exhibit 1**, and shall be processed in accordance with Federal Rules of Civil Procedure and applicable local rules, except as provided below.

 1. Other provisions:

 2. <u>Notice to the parties:</u> Motions for summary judgment shall be brought pursuant to Rule 56, Federal Rules of Civil Procedure, not Local Rule 56.1.

- 4 -

## VI. OTHER PROVISIONS

**A.** The parties request a conference with the Court before the entry of a scheduling order. The parties have a fundamental disagreement over the schedule, particular whether the close of fact discovery and all subsequent deadlines should be dates certain or should be based on the Court's claim construction ruling.

**B.** The parties do not consent to a trial before a magistrate judge.

**C.** The parties have complied with the disclosure requirements of Fed. R. Civ. P. 7.1, if applicable.

**D.** Early settlement / alternative dispute resolution, Local Rule 83.10.

   1. The parties request immediate assistance by way of a settlement conference or alternative dispute resolution. Specifically, the parties may benefit from a settlement conference before a magistrate judge after the parties exchange infringement and invalidity contentions.

   2. The parties wish to consider private mediation or a settlement conference with a judicial officer of this Court at a later date. Specifically, the parties may benefit from a settlement conference before a magistrate judge after the Court's claim construction ruling.

**E.** The scheduling order will make provision for pretrial conferences, certification of the case as ready for trial, and a final pretrial conference.

## VII. TRIAL

**A.** The case is expected to take 5 days to try.

**B.** 1. A jury trial has been requested.

   2. The right to a jury is not disputed.

/ / /

/ / /

/ / /

/ / /

/ / /

## VIII. REPORT FORM

**A.** Counsel has not experienced any problems in using this form.

**B.** Counsel would suggest including deadlines for infringement and invalidity contentions and claim construction discovery and briefing.

Respectfully submitted,

**KNOBBE MARTENS OLSON & BEAR, LLP**

By: *_/s/Christy G. Lea_*
Joseph F. Jennings (*pro hac vice*)
Christy G. Lea (*pro hac vice*)
Jenna C. Kelleher (*pro hac vice*)

and

**SNELL & WILMER**

Charles F. Hauff Jr.
David G. Barker
Trisha D. Farmer

Attorneys for Plaintiff
CAYENNE MEDICAL, INC.

Dated: June 2, 2014

**HOFFMAN & BARON, LLP**

By: *_/s/John T. Gallagher_*
John T. Gallagher (*pro hac vice*)

and

**OSBORN MALEDON, P.A.**

Brett L. Dunkleman
Eric M. Fraser

Attorneys for Defendant
MEDSHAPE, INC.

Dated: June 2, 2014

<u>PROOF OF SERVICE</u>

I hereby certify that on June 2, 2014, I caused the **SCHEDULING AND PLANNING CONFERENCE REPORT** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following person(s):

| | |
|---|---|
| Brett L. Dunkelman<br>Eric M. Fraser<br>**OSBORN MALEDON, P.A.**<br>2929 N. Central Avenue, Ste. 2100<br>Phoenix, AZ 85012<br>bdunkelman@omlaw.com<br>efraser@omlaw.com | John T. Gallagher<br>**HOFFMANN & BARON, LLP**<br>6900 Jericho Turnpike<br>Syosset, NY 11791<br>jgallagher@hbiplaw.com |

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 2, 2014, at Irvine, California.

              */s/Christy G. Lea*
              Christy G. Lea

18099188